1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | LAURA SAMARNEH,

12 |               Plaintiff,

13 |     v.

14 | MERCEDES-BENZ USA, LLC,

15 |               Defendant.

16
17

Case No. 1:23-cv-00930-JLT-EPG

ORDER RE: PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S FURTHER RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO, NUMBER 25

(ECF No. 30).

18       Before the Court is Plaintiff's motion to compel Defendant's further response to

19 Plaintiff's Request for Production, Set Two, No. 25. (ECF No. 30). Defendant filed an opposition

20 on May 30, 2024. (ECF No. 32). The Court held a hearing on Plaintiff's motion on May 31, 2024.

21 (ECF No. 34). After the hearing, the Court granted Plaintiff's motion as to Plaintiff's RFP Nos.

22 33, 34, and 41. (ECF No. 34). However, the Court reserved ruling on Plaintiff's motion to compel

23 Defendant's further response to RFP No. 25. (*Id.*)

24       Plaintiff's RFP No. 25 seeks procedures and manuals published by Defendant and given

25 to authorized repair dealerships. Specifically, Plaintiff requested "[a]ny Warranty Policy and

26 Procedure Manual published by YOU and provided to its authorized repair facilities, within the

27 State of California, for the date the SUBJECT VEHICLE was purchased to the present." (ECF

28 No. 30-13 at 6). Defendant objected to the request on several grounds, including relevancy:

1
2
3
4
5
6

This responding party objects to the extent this request seeks irrelevant information. This request was previously asked and responded/objected to, and Plaintiff cannot propound the same requests multiple times as it is duplicative and harassing. (FRCP Rule 26(b)(2)(C)(i).) Subject to and without waiving the above objections, this responding party responds as follows: This responding party produced the service and warranty booklet for the subject vehicle. Following a diligent search and reasonable inquiry, the documents produced previously, are responsive documents or things relevant to this request that are currently in the possession, custody, or control of responding party, and to which no objection is being made.

7

(*Id.*)

8
9
10
11
12
13
14
15
16

Plaintiff's motion to compel contends the request is relevant because "[t]he warranty repairs on the Subject Vehicle were performed by MBUSA's authorized dealerships under the auspices of MBUSA's policies and procedures for those dealerships." (ECF No. 30-13 at 7). Plaintiff also contends that such documents are readily discoverable, despite Defendant's insistence that no other relevant documents exist. (*Id.*) At the hearing on the motion, Plaintiff's counsel argued such documents are readily discoverable based on deposition testimony by the Rule 30(b)(6) witness of the authorized repair dealership that performed the vehicle repairs on the subject vehicle.  The Court directed Plaintiff to provide the relevant deposition testimony. (ECF No. 34).

17
18
19
20
21
22
23
24
25
26
27
28

On June 7, 2024, Plaintiff filed relevant excerpts from the deposition testimony of Mercedes-Benz of Bakersfield's Federal Rule of Civil Procedure Rule 30(b)(6) witness, Bill Smith. (ECF No. 35). At the deposition, Plaintiff's counsel asked if Mr. Smith was aware "if Mercedes-Benz of USA, LLC, provides Mercedes-Benz of Bakersfield with policies and procedures for performing repairs under Mercedes-Benz USA, LLC's, written warranties[.]" (ECF No. 35-1 at 4). Plaintiff's counsel clarified that he was asking about policies and procedures that went beyond just how to fix the repair, but document that detailed "how to write up warranty repairs. . .  detail how to determine whether repairs are covered under warranty and essentially detail the warranty claims process." (*Id.* at 4-5).  Mr. Smith stated that he was aware of such a document or documents, and answered in the affirmative when asked if the document identified how repairs should be submitted for warranty reimbursement. (*Id.* at 5). Mr. Smith further stated that he had seen this document online but did not know what the document was called. (*Id.* at 5-6).

2

On June 14, 2024, Defendant filed the declaration of Bill Smith in support of Defendant's opposition. (ECF No. 36). Mr. Smith's declaration states as follows:

> 4. I have been designated Merced-Benz of Bakersfield's Person Most Knowledgeable in this case.
>
> 5. Mercedes-Benz USA, LLC provides guidance on performing repairs to Merced-Benz dealerships such as Mercedes-Benz of Bakersfield via an online portal.
>
> 6. I sat for a deposition in this case on May 29, 2024.
>
> 7. During my deposition, I was asked if Merce-Benz corporate provides Mercedes-Benz of Bakersfield with policies and procedures relative to warranty repair claims.
>
> 8. I answered yes. My answer was referring to a specific online poral (WIS) which has step-by-step instructions related to how to perform work on a vehicle as explained above in paragraph 5.

(*Id.* at 2).

After reviewing the deposition transcript provided by Plaintiff, as well as Mr. Smith's declaration, the Court will grant Plaintiff's motion to compel Defendant's further response to RFP No. 25. Plaintiff's request is sufficiently relevant to Plaintiff's claims. Moreover, the documents contained in the online portal described by Mr. Smith appear responsive to Plaintiff's request, are not privileged information, nor unduly burdensome to produce. Accordingly, IT IS ORDERED that:

1.    Plaintiff's motion to compel Defendant's further response to RFP No. 25 (ECF No. 30) is granted. Defendant shall produce all responsive documents to RFP No. 25, including those contained in the online portal, within twenty-one days of this order.

IT IS SO ORDERED.

Dated:   **June 17, 2024**              /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE